### ANDOVER _v_ MERRIMACK COUNTY.

The pauper law of December 16, 1828, repealed a similar law of 1796, saving only legal settlements "heretofore gained." *Held* that a settlement cannot be gained by seven years successive residence, taxation and payment of taxes, when a part of such period expired before, and the residue after, the passage of the law of 1828.

The Revised Statutes repealed the pauper law of 1828, and re-enacted its provisions in a new act. This repeal had the same effect upon settlements commenced, but not completed, before that time, as the repeal of the law of 1796 by the act of 1828.

*Petition of the town of Andover for the support of Ann Cheney and her three children.*

FOR the purpose of settling the questions of law arising in this case,

it was agreed by the parties, that the husband of said Ann Cheney has no settlement in this State, and that she has none, unless in said town of Andover, from the following facts :    Her father, John Forsaith, after he was twenty-one years of age, was duly taxed for his poll in said town of Andover for the years 1827, 1828, 1829, 1830, 1831, 1832, 1833, 1836, 1837, 1838, 1839, 1840, 1841, 1842, 1844, 1845, and 1846. He was not taxed for his poll in 1834 at all, nor for his poll in 1835. He was not taxed in 1843.    His taxes were duly abated as follows : $1.88 in 1846, $1.73 in 1845, $0.87 in 1841, $1.86 in 1837, $0.95 in 1836 ; and there is another abatement of a tax of said Forsaith made in the selectmen's books amounting to $1.41 in the way following. Across the top of two pages in said books is written, "Abatements of taxes for the years 1833 and 1835." Under this is the list of names and abatements, some with the date of the tax affixed and some without. This abatement of $1.41 has no date to it.    The date to the first name is 1837, but the dates are not regular.    The records show no assessment of county tax for the years 1828 and 1830.    Said $1.41 is less than the amount of his tax for any year after 1832, and is not of a like amount of any year's taxation.

·And the questions of law were reserved.

*Shirley*, for plaintiff.

*N. Butler*, for defendant.

SARGENT, J.    We cannot doubt that the fact that there was an abatement of $1.41 without date upon a page which is headed, "abatements of taxes for 1833 and 1835," in the books of the selectmen of Andover, is competent to be submitted to the jury as evidence having some tendency to rebut the presumption that the tax for 1833 was paid. *Grantham* v. *Canaan*, 38 N. H. 268 ; *Lebanon* v. *Plainfield*, 40 N. H. 300 ; *Pittsfield* v. *Barnstead*, 40 N. H. 480.    This evidence being competent to be submitted to the jury on that point, the fact of payment of the taxes for that year cannot be assumed as a presumption of law, but that fact must be determined by the jury.

The statute of December 16, 1828, N. H. Laws (1830) ·300, is in many respects the same as the statute of 1796.    Besides some verbal alterations, there are four or five particulars in which the law was modified.    But the whole act of 1796 was in express terms repealed by the statute of 1828, and the only saving clause is as follows : "Every legal settlement *heretofore gained*, or which shall be gained by force of this act, shall continue until lost by gaining a new one."    Now, in this case, we are called upon to decide ·whether a settlement has been gained in Andover by the husband of Mrs. Cheney by residence in said town, and being taxed for his poll for seven years in succession, and by paying all taxes legally assessed on his poll and estate during said term, where a portion of the seven years residence and taxation was under the law of 1796, and the residue under the law of 1828.

It appears that he was taxed for seven years in succession, from *1836*

to 1842 inclusive, but it also appears that a portion of his taxes for the years 1836, 1837 and 1841, were abated, and it is claimed by the plaintiff, that, even should the question of fact as to the payment of 'taxes for the year 1833 be settled by the jury against the town, still no settlement was gained in Andover, because in that case the seven years of residence and taxation and payment of taxes from 1827 to 1833 inclusive, was, a part of it, (two years;) under the law of 1796, and only five years of it under the law of 1828.

Several cases are cited by the defendant in which this distinction has not been recognized. *Hebron* v. *Centre Harbor*, 11 N. H. 571, was a case where the settlement had been, if at all, previous to 1828, but the case is decided—*Gilchrist, J.* delivering the opinion—as though the act of 1828 applied to it, or as though no change had been made in the law. In *Jaffrey* v. *Cornish*, 10 N. H. 505, where the opinion was delivered by *Gilchrist, J.*, the only question was whether the tax of 1828 had been paid. The pauper's residence in Jaffrey commenced in 1822 and ended in 1834, giving but six years, either before or after 1828, and, omitting that year, no settlement could be gained under either law, and it was there held that the pauper did not gain a settlement under the eighth mode provided by the law of 1828, not because the whole of that year is not to be included in the seven years required for a residence under the law of 1828; not because the tax assessed in April 1828, before the passage of said act, in December, was not to be reckoned as one of the seven years of taxation required to make up a residence under the law of 1828; but simply because the tax of 1828 had not been paid.

In *Lisbon* v. *Bath*, 21 N. H. 319, the pauper resided in Bath and was taxed from 1825 to 1832 inclusive. The main question was raised upon the payment of the tax for 1831, and the question as to settlement was determined by showing payment of taxes from 1825 to 1831 inclusive, thus connecting the time on both sides of 1828, and including the tax of that year. The case is decided, *Eastman, J.* delivering the opinion, as arising under the eighth mode of gaining settlements by the law of 1828, which is said in this respect to be "a transcript of a similar provision in the law of January 1, 1796, and the same is substantially the law at the present day. Rev. Stats. ch. 65, sec. 1." The same case is again reported 23 N. H. 1, *Bell, J.* delivering the opinion, where the same facts are stated as before, and where a verdict, like the first, fixing the settlement of the pauper in Bath upon the payment of taxes there for the years 1825 to 1831 inclusive, was sustained, and judgment rendered accordingly. But in none of these cases was the point here raised, suggested by counsel, or discussed or considered by the court.

On the other hand, we have the case of *Rutland* v. *Mendon*, 1 Pick. 153, in which it was held, that, under the statute of 1793, requiring a three years residence, and repealing all former laws on that subject, and only reserving settlements actually gained under former laws, a settlement begun, under the former law, could not be completed under the act of 1793, but that a residence for the full time required under that

àct, must be shown after the passage of said act in order to gain a settlement.

In *Gilford* v. *Epping*, 12 N. H. 498, it was held, under the act of June 20, 1792, which repealed a large number of acts which had been superseded by a revision of the statutes, and which contained a proviso "that the repealed acts or laws should be in force as to all matters done or transacted during their existence to which they relate, to all intents and purposes as though the repealing act had not been made, and that all such matters might be prosecuted, commenced, done and completed at any time thereafter pursuant to said laws," that the mere commençement of a residence under the former act is not one of the acts done or transacted, which was intended to be saved by the proviso.

So, in the revision of the statutes in 1842, the former pauper laws were repealed, and re-enacted generally in the same terms as the former law, and the saving clause found in chap. 230, Rev. Stats. sec. 5, is that the repeal of these acts "shall not affect any act done or any right accruing or accrued, or acquired or established, or any suit or proceeding had or commenced in any civil case, before the time when said repeal shall take effect," &c., and yet it has been held that à residence commenced under the old law cannot be completed under the new, so as to perfect a settlement under the new act, but that, notwithstanding that proviso, the repeal of the old statute is to have the ordinary effect of a repeal upon all settlements commenced under the old law, unless they had been completed and rights thereby vested under the repealed statute.

In *Lisbon* v. *Clark*, 18 N. H. 234, *Gilchrist, J.*, in the opinion, says, in speaking of a pauper case, though he does not give the name of the case, as follows : "In one of these cases the court have, in the construction of the law, attached to the repeal of the old statute, the ordinary consequences of a repeal and have held that the repeal of the statute of December 16, 1828, N. H. Laws, 300, which gave a settlement to parties residing four years under certain conditions, prevented the acquiring of such settlement by a residence of three years before and one year after the passing of the Revised Statutes.   The term of four years continuous residence, and a law attaching the effect of a settlement to such residence, did not co-exist, the continuity having been disturbed by the repeal, and not repaired by the re-enactment of the statute at the same moment and in the same terms."

We have seen that the proviso in the act of December 16, 1828, only saves *legal settlements, heretofore gained,* or which shall be gained by force of this act.   After seeing the construction that has been given to the proviso in the Revised Statutes, and also to that in the act of 1792 before noticed, we cannot doubt as to the proper construction to be given to that in the act of 1828, and that a settlement cannot be gained under that act by a residence and taxation and payment of taxes for seven years in succession, a part of which term had expired prior to the passage of that law.

But we are not left merely to analogies drawn from the construction given to other similar acts, under similar circumstances.   We find that this same question in relation to the construction of the act of 1828

was settled by the Superior Court of Judicature in two cases, which though not reported, are perfectly well authenticated, *Wendell* v. *Newport*, decided in Sullivan county, July Term, 1835, and *Colebrook* v. *Littleton*, decided in Coos county, July Term, 1843. In both of these cases it was settled that a residence of seven years in succession, accompanied by taxation and payment of all taxes in a town, did not confer a settlement under the law of 1828, when a part of this term had passed prior to December 16, 1828. I am indebted to J. M. Shirley, Esq., plaintiff's counsel, for these two last cases, and for copies from the records and other evidence to authenticate the same.

Upon the case stated, therefore, there must be judgment for the plaintiff, that the paupers in question have no settlement in Andover, but are a charge upon the county of Merrimack.